BUCK JOHNSON v. THE STATE.

No. 3122.   Decided May 16, 1906.

**Theft of Money—Insufficiency of Evidence.**

Upon a trial for theft of money, where the evidence was purely circumstantial, and did not have that degree of conclusiveness that leads on the whole to the irresistible conclusion that defendant and no one else stole the money alleged to have been taken, and there was no identification of the same, or positive testimony of the taking, the conviction was not sustained.

Appeal from the District Court of Fayette.   Tried below before the Hon. L. W. Moore.

Appeal from a conviction of theft of monies; two years imprisonment in the penitentiary.

The opinion states the case.

*John T. Duncan*, for appellant.—Bines v. State (Ga.), 68 L. R. A., 33; Hodnett v. State, 117 Ga., 705; Vale v. People, 161 Ill., 309; People v. Hendrickson, 46 N. Y. Sup., 492; State v. Bridges, 114 N. C., 868.

*J. E. Yantis*, Assistant Attorney-General, for the State.—Lacey v. State, 22 Texas Crim. App., 657; Clark v. State, 26 id., 486; Stallings v. State, 29 id., 220; Cody v. State, 31 Texas Crim. Rep., 183; White v. State, 33 id., 94.

BROOKS, JUDGE.—This conviction is for theft of money, over the value of $50, from the John Schuhmacher bank, the punishment assessed being two years in the penitentiary.

In the view we take of this case we only deem it necessary to pass upon one question to wit: the sufficiency of the evidence.   Appellant's counsel in his brief has given an accurate resume of the evidence, as follows:   "On the night of August 11, 1905, when the employees of Schuhmacher's bank counted their cash and balanced their books, they were short $500 in cash.   They did not know where it went; they did not know what became of it.   They went over the accounts of all of their customers and did not discover it was paid to any of them. They interviewed the First National Bank of LaGrange to see whether it had been by mistake paid there.   Then, after failing to discover their mistake, or failing to discover whether they had paid it out to some one through mistake, they concluded that it must have been stolen.   The evidence shows indisputably that numbers of mistakes had been made in the management of the Schuhmacher bank by the parties in charge of it; that at times more money had been paid out than should have been, and at other times money had been received and larger credits given to depositors than the depositors were entitled

to. Defendant was inside the bank but once that day, and then but a minute, when he was talking to Leo Frede, one of the owners of the bank; and Frede testified that it would have been impossible for defendant to have gotten this money in his presence without his seeing him. After this defendant came to the bank, did not enter the building, but stood on the outside and told Schneider (who was inside the bank), that he could take his horse out for a drive that afternoon, and then went away. The testimony for the State fixes the matter beyond dispute that if any money was taken that day out of Schuhmacher's bank, a package containing $500 was taken, and that it consisted of fifty $10 bills. Schuchmacher testified that when he counted the cash that afternoon, he could not remember to whom this package was paid out, and hence concluded the package was lost. The evidence of Levi Johnson is to the effect that on the Sunday following, defendant turned over to him $390 in currency, a part of this amount was in $10 bills and a part of it was in $5 bills. There is a total absence of any evidence tending to show that this $390, or any part of it ever belonged to Schuhmacher, or ever had passed through his bank."

The evidence being purely circumstantial, we hold that the same does not have that degree of conclusiveness that leads on the whole to the irresistible conclusion that appellant and no one else stole the money alleged to have been taken. There is no identification of the money; there is no positive testimony· as to the taking, and the sole criminating fact is the possession of a large quantity of money by appellant, corresponding in denomination with that alleged to have been lost by the bank; that the bank lost $500, is reasonably certain. As to what became of it, is more or less left in doubt by the testimony of the officials of the bank; for after losing it, they went to a neighbor bank to inquire if they were "long" in their accounts, and made search of their own books to ascertain if the money had been improperly credited to some patron of the bank. It may be that appellant stole the money, but we cannot permit the verdict in this case to stand in the light of this record. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*